**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                     )
AHMED ZAID SALEM ZUHAIR,      )
                                     )
                                     )
             Petitioner,     )
                                     )
                                     )      Civ. No. 08-0864 (EGS)
             v.                  )
                                     )
GEORGE W. BUSH, *et al.,*      )
                                     )
             Respondents.    )
_____ )

## ORDER

Pursuant to the brief status hearing held in open court on March 12, 2009, it is hereby

**ORDERED** that by no later than noon on Monday, March 16, 2009, the government shall inform the Court why Petitioner has been moved to Camp VI and what, if any, efforts have been made and consideration given to moving Petitioner to Camp IV, pursuant to the information provided by Dr. Keram during the status hearing on February 20, 2009; it is further

**ORDERED** that by no later than March 27, 2009, the appropriate attorney(s) at the Department of Justice assigned to this habeas case shall certify to the Court that s/he has personally reviewed all of the evidence in this case and has turned over all the exculpatory evidence to Petitioner's counsel. It is not sufficient for the Department of Justice to rely on

other attorneys, including but not limited to Department of Defense attorneys, for the initial review of the evidence in this case for purposes of complying with this Court's Orders to produce exculpatory evidence.  It is further

**ORDERED** that Petitioner's response, if any, to the government's brief regarding the government's proposed definition of "enemy combatant" is due by no later than noon on March 27, 2009.  It is further

**ORDERED** that the government's response to Petitioner's discovery requests are due by no later than noon on March 27, 2009.  Any reply is due by no later than noon on April 3, 2009. The government is hereby on notice that it shall produce discovery in response to any reasonable discovery request and shall raise only specific and well-founded objections to specific discovery requests.  Moreover, the government must produce documents and/or information in response to Petitioner's requests in this case if the government is producing the same types or categories of documents and/or information pursuant to court order in any other Guantanamo habeas case.[1]  It is further

---

[1] By way of an example, if the government is producing all of a petitioner's statements pursuant to an order by this Court or any other Judge on this Court, then the government must also produce all of Petitioner Zuhair's statements to his counsel, assuming Petitioner's counsel made a request for all of Petitioner's statements.

**ORDERED** that based on the discussion during the March 12, 2009 status hearing, Petitioner's proposed expert shall be given access to the classified materials in this case by no later than March 27, 2009, assuming that the expert named by Petitioner has the appropriate security clearance(s).  If the government intends to object to the expert's access to these classified materials, it shall notify the Court of any objections and points and authorities by no later than noon on March 19, 2009.  It is further

**ORDERED** that the parties shall each file a status report by no later than noon on April 14, 2009.  It is further

**ORDERED** that a status hearing is scheduled for April 21, 2009 at 1:00 p.m. in Courtroom 24A.

**SO ORDERED.**

**SIGNED:    Emmet G. Sullivan**
**                United States District Judge**
**                March 12, 2009**